UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-21919-CIV-HOEVELER

BISCAYNE TOWING & SALVAGE, INC.,
and TRIPLECHECK, INC. d/b/a SEA TOW MIAMI,

    Plaintiffs,
and

TOW TELL MARINE SERVICES, LLC d/b/a
H2O TOWING & SALVAGE; MARINE BID
EXCHANGE, INC., and CHARLES M.
STEPHENS, INC.; and SUNTRUST BANK,

    Intervening Plaintiffs,
vs.

RENZO RENZI and AMADA HOLDINGS, INC.,
in personam, and M/Y AMADA, U.S. Documentation
No. 1155137, its engines, boats, equipment, machinery,
furnishings, apparel and appurtenances, etc., in rem,

    Defendants.
_____/

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

This Cause comes before the Court on the motion for summary judgment filed by SunTrust Bank as to the *in rem* claims of Intervening Plaintiffs Marine Bid Exchange, Inc., and Charles M. Stephens, Inc. SunTrust seeks to eliminate the claims of Intervening Plaintiffs by arguing that such claims are not properly maritime liens. In response, Intervening Plaintiffs urge the Court to approve the claims for consulting services totaling $47,500.[1]

---

[1] Intervening Plaintiffs' motion for leave to file rebuttal to the reply is GRANTED.

1

It is undisputed that Charles M. Stephens is the owner and operator of Charles M. Stephens, Inc., which provides marine insurance consulting services, and Marine Bid Exchange, Inc., which provides internet-based repair-bidding services. In December 2005, Renzo Renzi, the owner of the M/Y Amada, entered into a contract with Charles M. Stephens, Inc., to perform "consulting and/or expert witness services." The company then assisted Renzi regarding submission of a claim to the vessel's insurer for hurricane damage to the vessel. Subsequently, in January 2006, Renzi entered into a contract with Marine Bid Exchange, Inc., to perform "an Online RFP Auction on the internet of the vessel described below on behalf of the [owner]." Bids were sought on the internet for repairs and renovations which Marine Bid Exchange had determined were necessary, and valid bids then were submitted to Renzi.

On May 22, 2009, this Court granted a bond in the amount of $1,045,142.12 to protect the interests of SunTrust Bank, holder of a Promissory Note and First Preferred Ship Mortgage, and other claimants. The Court recognized the claim of Marine Bid Exchange, Inc., and Charles M. Stephens, Inc., solely for the purpose of setting the bond, and noted that Renzi had disputed at a status conference the amount of the claim presented. As this case progressed, SunTrust issued a Letter of Undertaking to Intervening Plaintiffs regarding their claim, in order to be able to release the vessel from arrest. SunTrust now seeks to foreclose Intervening Plaintiffs' claims as not being valid maritime liens.

According to 46 U.S.C. § 31342, a person providing necessaries to a vessel on the order of the owner has a maritime lien on the vessel. "Necessaries" includes "repairs, supplies, towage, and the use of a dry dock or marine railway." 46 U.S.C. §

31301. The term has been construed to include other items beyond those specified in the statute, to the extent that such services constitute "what is reasonably needed in the ship's business," <u>Bradford Marine, Inc., v. M/V Sea Falcon</u>, 64. F3d 585, 589 (11th Cir. 1995), citations omitted. "Necessaries are the things that a prudent owner would provide to enable a ship to perform well the functions for which she has been engaged." <u>Id.</u>

As to Charles M. Stephens, Inc., the Court does not find that the preparation of an insurance claim is a "necessary" to the vessel and, as such, no maritime lien arises as a result of this claim. Professional advice related to filing of an insurance claim is analogous to professional services provided by an attorney, such as those at issue in <u>Bradford Marine</u>, as they are provided not to the vessel but rather to a person.

The claim of Marine Bid Exchange, Inc., similarly constitutes a professional service provided to a vessel owner, rather than to the vessel directly. Claimant argues that the services provided kept the vessel out of danger, and were such services that a prudent owner would provide to enable a ship to perform well. The Eleventh Circuit recently reviewed the purpose and interesting development of maritime liens in <u>Crimson Yachts v. Betty Lyn II Motor Yacht</u>, 603 F.3d 864 (11th Cir. 2010). "[M]aritime liens benefit those who own, lend to, and repair vessels, such that persons able to provide for ships' immediate needs are assured a significant, clear, and predictable security device that is tailored to the unique features of maritime commerce." <u>Id.</u> at 871. None of the cases cited by claimant are compelling enough for this Court to find that the services provided by Marine Bid Exchange, Inc., constitute a maritime lien. The pre-bid survey, the conduct of the bidding on the internet, and the submission of the valid bids

to the vessel's owner do not sufficiently meet the purpose which maritime liens are designed to serve. Marine Bid Exchange, Inc., and Charles M. Stephens, Inc., may have a claim against the vessel owner, but the claims presented to this Court do not constitute maritime liens. Based on the above, it is

ORDERED AND ADJUDGED that the motion for summary judgment is GRANTED.

DONE AND ORDERED in Chambers at Miami, Florida this 18 day of August, 2010.

                                              _____
                                              WILLIAM M. HOEVELER
                                              SENIOR UNITED STATES DISTRICT JUDGE

Copies to:
    counsel of record